Tonnesha Kidd
P.O. Box 33113
Trenton, NJ 08629
3024422962 | Fax
Tmsn20152icloud.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF DANIEL GARVIN, BY AND THROUGH AD PRO SEQUENUM, GUARDIAN FOR TAMIA GARVIN<br><br>Plaintiff,<br><br>vs.<br><br>TRENTON EMERGENCY MEDICAL SERVICES, TRENTON POLICE DEPARTMENT, CAPITAL HEALTH SYSTEMS, JANE DOE, JOHN ROE, ABC CORPORATION 1-X( FICTTIOUS NAME PRACTICES FOR IDENTITIES UNKNOWN.)<br><br>Defendant | Case No.: Number<br><br>CIVIL ACTION |

## PARTIES

1. Plaintiff , Daniel Garvin, Jr. Administrator Ad Prosequenum Tonnesha Kidd, guardian of Tamia Garvin brings this action on behalf of the Estate of Daniel Garvin Jr, and his heirs. A cause of action for wrongful death, and negligence may be filed by his children; heirs. Decedent has one He has one daughter. This action is being bought under the New Jersey Wrongful Death Statue 2A:31-1, Survival Statue N.J.S.A. 2A:15-3,  42 U.S.C Section 1983and Negligence.

2. Defendant is Trenton Emergency Medical services, a corporation, or business entity of unknown form, doing business at 244 Perry Street, Trenton, Nj 08618

CIVIL ACTION - 1

3. Defendant Trenton police department, a business located at 225 N. Clinton ave., Trenton, Nj 08609

4. Capital Health Systems, a corporation, located750 Brunswick ave. Trenton, NJ 08628

4. Jane Doe, John Roe, ABC Corporation 1-X, fictitious name practices for unknown identities, Plaintiffs will amend this complaint which such identities are ascertained.

**VENUE AND JURISDICTION**

5. Jurisdiction is proper in this court because this litigation arises under federal cause of action   42

U.S.C 1988. This Court has jurisdiction under2 8 U~S.C.133I (federal question ).

Jurisdiction is proper over defendants because all alleged violations of civils Rights Violation,

Venue is proper pursuant to 28 U.S. Code 1391(a)(1) because it lies where the cause of action arose.

**ADMINISTRATIVE REMEDIES**

7. Notice of claim was served with 90 days of April 14, 2023 on all parties

FACTS

6. On April 14, 2023, at about 8:15 pm, the shot spotter alerter to a shooting on prospect ave in Trenton, NJ.

CIVIL ACTION - 2

7. Defendants', Trenton Emergency Medical services, and Trenton Police didn't arrive until approximately 8:50 pm.

8. Upon arrival, it found Plaintiff suffering from a gunshot wound.

9. as a result of over 30 minutes in the delay of the arrival of the Defendants EMS, and TPD, Plaintiff suffered a delay in treatment of gunshot wounds contributing to his untimely demise.

7. Defendant was left on prospect street for over 30 minutes prior to anyone arriving with medical assistance, at which time Decedent was pronounced dead.

10. Defendants failed to take measures to ensure timely response to an emergency situation, delaying the arrival of emergency personnel, and delaying emergency treatment for gunshot wound, resulting resulting in the death of Decedent; as such it breached its duty of care to Decedent.

11 On April 14, 2023 Defendants owed a duty to Decedent to responding timely, and transport him quickly to receive emergency treatment to his gun shot wounds, and failed to respond in a reasonable time.

12  Defendant Capital Health Systems is liable for the negligence of its employee, agents, servants, and or staff was acting within the scope of their employment at the time of the incident, and their negligence directly caused Plaintiff's injuries.

## COUNT I

## NEGLIGENCE

13. Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

CIVIL ACTION - 3

At all relevant times, all Defendants owed Decedent a duty of care to respond timely, to transport Plaintiff to a nearby hospital so that he could receive quick emergency care, and take other safety measures, including the duty to exercise reasonable care, and prudent under the circumstances in timely responding to the Shot Spotter prior to over 30 minutes.

14. Defendants breached its, and his duty of care owed to Decedent by failing to respond quickly to the shot Spotter, to transport Plaintiff quickly to the nearest hospital for emergency treatment of his GSWs resulting in the death of Decedent. Said accident, injuries and resultant death were caused solely by the negligence, tortious conduct, and wrongdoing of Defendants; without any negligence or contribution on the part of Decedent.

15. As a direct and proximate result, and cause of all Defendants negligence, tortious conduct, and wrongdoing, Decedent sustained serious injuries that resulted in death.

16. As a direct and proximate result, and cause of all Defendant's negligence, tortious conduct, and wrongdoing, Plaintiff heirs, and his children suffered the loss of their father, and experienced severe emotional distress due to the death of their beloved father.

17. As a direct, and proximate result and cause of Defendants' negligence, tortious conduct, and wrongdoing that resulted in Decedent's death, his children heirs have been deprived of love, care affection, companionship, support, financial support, and other benefits and pleasures of the family relationship.

18. As a direct and proximate cause, and result of Defendants' negligence, tortious conduct, and wrongdoing that resulted in Decedent's death Plaintiffs have incurred funeral expenses, medical and other healthcare expenses, the Plaintiff estate lost income, lost profits, and or lost earning capacity, and Plaintiffs will incur additional medical and other

CIVIL ACTION - 4

health care related expenses in the future.

19. As a direct and proximate result of the negligence of Trenton emergency Medical services, Trenton Police Department, and the vicarious liability of Defendant Capital Health Systems, Plaintiff has suffered the following damages: Compensatory, Punitive, [Pain and suffering, and Emotional distress.

WHEREFORE, Plaintiff, Daniel Garvin, JR, by and through her Administratrix Ad Prosequendum, TONNESHA KIDD, Guardian of Tamia Garvin demands judgment for damages generally against the Defendants, pain and suffering, emotional distress, Defendants individually, jointly, severally, or in the alternative, together with attorney's fees, interest, and costs of suit.

## COUNT II

## WRONGFUL DEATH

20. Plaintiffs incorporates by reference all prior allegations contained in this Complaint, paragraphs 1-24.

21. Defendants negligence caused the death of Decedent.

22. As a consequence of Decedent's death his children have suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced for the rest of [his/her/their] life/lives.

23. As a further consequence of Decedent's death caused by Defendant, Plaintiff incurred expenses for funeral and burial, medical care and services for the injury that resulted in death, lost wages, loss of earning capacity, and counseling for [him/her] and [his/her] other immediate family members.

CIVIL ACTION - 5

24. As a further consequence of Decedents death caused by Defendants, Plaintiff has incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

25. Plaintiffs brings this action pursuant to the provision of the New Jersey Wrongful Death Act, N.J.S.A. 2A:31-1, et seq., for the benefit of the next of kin of the Plaintiffs decedent, DANIEL GARVIN, JR, and pursuant to N.J.S.A. 2A-15-3. 16.

26. This action is commenced within two (2) years of the death of Plaintiffs decedent, which occurred on or about April 14, 2022.

27. As a direct and proximate result of the negligence of Defendants TEMS, and TPD, and the vicarious liability of Defendant CHS, Plaintiff has suffered the following damages: Compensatory, Punitive, [Pain and suffering, and Emotional distress.

WHEREFORE, Plaintiff, DANIEL GARVIN, JR, by and through her Administratrix Ad Prosequendum, TONNESHA KIDD, GUARDIAN for TAMIA GARVIN demands judgment for damages generally against the Defendants, pain and suffering, emotional distress,; individually, jointly, severally, or in the alternative, together with attorney's fees, interest, and costs of suit.

## COUNT III

### 42 U.S.C SECTION 1983- Against All Defendants

Plaintiffs realleges paragraph 1 to 27 as stated herein.

28. Defendants all-relevant times were acting under the color of the state law.

29. Defendants took an unreasonably long time to arrive at Prospect street; at approximately 8:50 pm, after receiving a Shot Spotter alert at about 8:15 depriving delaying

CIVIL ACTION - 6

transport to a nearby hospital, and emergency care for his GSW, unlawfully depriving him of due process of law in violation of his constitutional rights to timely medical care.

30. Defendants were negligent in their delay of providing Plaintiff with transport, and emergency medical care by way of his constitutional rights.

31. As a result of being deprived a constitutional right to timely medical care, Plaintiff suffered an untimely death.

32. Defendants failed to adopt clear polices, and failed to properly train it's employees, staff, and or agents in timely responding to emergency situations, and timely transportation in emergency situations.

33. Defendants failure to adopt clear polices, and failure to properly train it's employees, staff, and or agents in timely responding to emergency situations, and timely transportation in emergency situations., and providing emergency treatment to a GSW, and the negligence , and delay in the rendering of emergency treatment to a GSW were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

DEMAND FOR JURY TRIAL

49. Plaintiffs demand a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment against Defendant as follows:

1. For Plaintiffs' general and special damages;

2. Compensatory, and punitive damages

3. For Plaintiffs' costs incurred in pursuing these claims;

4. For pre- and post-judgment interest to the extent provided by law;

5. Monetary Demand: to be determined  by jury

CIVIL ACTION - 7

6. For such further relief as the Court deems just and fair.

Respectfully submitted,

Dated this 14th of April , 2025

_____
Plaintiff Pro se

CIVIL ACTION - 8