UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE ESTATE OF DANIEL GARVIN, JR.,

Plaintiff,

v.

TRENTON EMERGENCY MEDICAL SERVICES, *et al.*,

Defendants.

Civ. No. 25-2679 (RK)(JBD)

**MEMORANDUM ORDER**

Four motions are before the Court. First, plaintiff has filed a motion for reconsideration of this Court's March 13, 2026 order and March 18, 2026 text order. [Dkt. 57.] Second, plaintiff' has filed a second motion for the appointment of *pro bono* counsel. [Dkt. 63.] Third, plaintiff has filed a motion for an extension of time to obtain counsel. [Dkt. 65.] Fourth, plaintiff has filed a supplemental motion for an additional extension of time to obtain counsel. [Dkt. 66.] Defendant Trenton Emergency Medical Services ("TEMS") opposed only the motion for reconsideration. [Dkt. 60.] For the reasons set forth below, the Court will deny plaintiff's motions.

## I. BACKGROUND

Following the death of Daniel Garvin, Jr., Tonesha Kidd brought this action *pro se* as *administrator ad prosequendum*[1] of Garvin's estate, and as guardian of Garvin's minor child and heir, T.G., against defendants TEMS; Capital Health System, Inc., Capital Health Regional Medical Center, and Capital Health Paramedics (collectively, "Capital Health"); the Trenton Fire Department; and the Trenton Police Department. [Dkt. 25.] Ms. Kidd alleges that the defendants' delay in treatment of gunshot wounds that Garvin suffered in Trenton contributed to or caused his death. *Id.* at 4. On behalf of the estate, she asserts claims of negligence, medical malpractice, respondeat superior, wrongful death, and a claim pursuant to 42 U.S.C. § 1983 against all defendants. *Id.*

Ms. Kidd filed the initial complaint on April 14, 2025 and an amended complaint on September 5, 2025. [Dkts. 1, 25.] Defendants Capital Health and TEMS each moved to dismiss the amended complaint. [Dkts. 42, 44.][2] Ms. Kidd opposed both motions [Dkts. 48, 49] and filed a first motion for the appointment of *pro bono* counsel, requesting that, if an attorney is needed to represent the estate

---

[1] When a person dies intestate, a county's surrogate's court "may grant letters of administration ad prosequendum to the person entitled by law to general administration." N.J.S.A. 3B:10-11. Once that person has such letters of administration and is an *administrator ad prosequendum*, she may bring a wrongful death action on behalf of the decedent's estate. N.J.S.A. 2A:31-2.

[2] The Trenton Police Department and Trenton Fire Department have not filed a responsive pleading to the amended complaint and default has been entered against them.

and T.G., the Court appoint *pro bono* counsel; alternatively, she requested to represent the estate and T.G. *pro se*. [Dkt. 50] at 3.

In the March 13 order, the Court denied the motion for the appointment of *pro bono* counsel without prejudice and terminated the pending motions to dismiss. [Dkt. 53.] The Court concluded that appointment of *pro bono* counsel was not warranted and explained that Ms. Kidd could not represent the plaintiff estate or T.G., who is a beneficiary of the estate, because Ms. Kidd is not an attorney. *Id.* However, the Court gave Ms. Kidd 60 days to obtain counsel for the plaintiff estate. *Id.* Following that order, the Court entered the March 18 text order further explaining that the case could not proceed without counsel to represent the estate and its interests, and if Ms. Kidd did not find counsel for the plaintiff estate in the additional time allotted, the case would be dismissed. [Dkt. 54.]

Shortly after the entry of that text order, Ms. Kidd moved for reconsideration of the March 13 order denying the appointment of *pro bono* counsel, [Dkt. 50], and the Court's March 18 text order, [Dkt. 54]. [Dkt. 57.] She argues that the Court has made a clear error of law by overlooking an exception that would permit her, a non-attorney, to represent the plaintiff estate and T.G. [Dkt. 57] at 8-16. Defendant TEMS' opposition is simple: the Court got it right the first time. [Dkt. 60] at 4-5.

On May 1, 2026, Ms. Kidd filed two additional motions: (i) another motion for the appointment of *pro bono* counsel; and (ii) a motion to extend the time for the

estate to obtain counsel. [Dkts. 63, 65.][3] Ms. Kidd argues that *pro bono* counsel is warranted because she cannot afford an attorney, has not secured counsel, and the Court previously ruled that she could not represent the plaintiff estate and T.G. [Dkt. 63] at 3. Separately, Ms. Kidd requested an additional 90 days (to August 31, 2026) to obtain counsel because she has been interviewing and contacting attorneys and wants to ensure that the plaintiff estate and T.G. are adequately represented. [Dkt. 65] at 2.

On August 26, 2026, before the Court resolved her first motion to extend the time to obtain counsel, Ms. Kidd filed another motion for an additional extension of time to obtain counsel. [Dkt. 66.] In that supplemental motion, Ms. Kidd requests another 90-day extension to find counsel because she cannot represent T.G. or the plaintiff estate *pro se*. *Id.* She also asserts in the motion that she is unable to secure counsel because her application to proceed *in forma pauperis* remains pending. *Id.*[4]

## II. DISCUSSION

### A. Motion for Reconsideration

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. A motion for reconsideration must "set[] forth the matter or controlling decisions

---

[3] Ms. Kidd filed an earlier motion for an extension of time to obtain counsel, *see* [Dkt. 56], but the Court denied that motion because she still had six weeks before her deadline to find counsel. [Dkt. 58.]

[4] Ms. Kidd filed an application to proceed *in forma pauperis* on May 1, 2026. [Dkt. 64.] That application does not prevent the Court from resolving her motion for *pro bono* counsel.

which the party believes the Judge has overlooked[,]" *id.*, with the purpose of "correct[ing] manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1983)). Motions for reconsideration should "not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted).

Reconsideration is an extraordinary remedy and is rarely granted. *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986). Reconsideration is appropriate only if: (1) an intervening change in controlling law has occurred; (2) new evidence has emerged that was not previously available when the Court denied the previous motion; and/or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Ms. Kidd meets none of those elements here. Her motion for reconsideration is therefore denied.

The Court starts with the March 13 order denying her first motion for the appointment of *pro bono* counsel. Because there has not been a change in controlling law and no new evidence has emerged, the Court considers only whether the order committed a clear error of law or fact or resulted in manifest injustice. It did neither.

Ms. Kidd makes one core argument: 28 U.S.C. § 1654 should be interpreted to permit parties to not only represent themselves, but to also permit non-attorney parents to represent their children when the child is the real party in interest. To reach this proposition, she relies on cases that, according to her, permit non-attorney parents to represent their children under the Individuals with Disabilities Education Act and the Education for All Handicapped Children Act; the theory of "next friend" standing; and quotes (that appear to be from cases, but are without citation) standing for the proposition that a litigant may represent an estate, and its sole beneficiary, *pro se* when the estate has no creditors. Should the Court not adopt her novel interpretation of 28 U.S.C. § 1654, she asserts that manifest injustice will result because T.G.'s claim will be lost *if* they do not obtain counsel.

Ms. Kidd's motion does not identify a clear error of law or fact that the Court has overlooked. At most, she asks the Court to develop new law, but that does not warrant reconsideration. *See Murray on Behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 (holding that a non-attorney, non-beneficiary administrator is not permitted to represent an estate in federal court). Moreover, the Court does not agree that manifest injustice will result by not adopting Ms. Kidd's interpretation of 28 U.S.C. § 1654. For "manifest injustice" to result, the denial of her motion for *pro bono* counsel must be an error "apparent to the point of being indisputable." *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012). Requiring Ms. Kidd to obtain counsel to represent the plaintiff estate and T.G. is not manifest injustice.

The Court turns next to its March 18 text order. That text order reiterated and/or clarified the implication of the Court's March 13 order. It made clear to Ms. Kidd "that this case may not proceed without counsel to represent the interest of the estate[,]" as explained in the March 13 order. It also warned her that "if counsel has not entered an appearance on behalf of the estate within the time allowed, this case will be dismissed in its entirety." [Dkt. 54.] There is nothing for the Court to reconsider with respect to its March 18 text order. Ms. Kidd acknowledges that Local Civil Rule 7.1(i) "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' *when it ruled on the motion*." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 515 (D.N.J. 1996) (emphasis added) (quoting Local Civil Rule 7.1(i)'s predecessor). The Court has not overlooked any law or fact in its March 18 text order and it results in no manifest injustice.

Accordingly, the Court will deny Ms. Kidd's motion for reconsideration of both orders.

**B. Motion for the Appointment of *Pro Bono* Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to "request an attorney to represent any person unable to afford counsel." *Parham v. Johnson*, 136 F.3d 454, 457 (3d Cir. 1997) (citations omitted). In exercising its discretion in appointing *pro bono* counsel, the plaintiff's claims must make a threshold showing of having "arguable merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (citations omitted). If (and only if) the Court determines that the

plaintiff's claims have arguable merit, the Court then considers additional factors (the "*Tabron* factors") to determine whether the appointment of *pro bono* counsel is warranted. *Id.* at 155-56.

The Court denied Ms. Kidd's first motion for the appointment of *pro bono* counsel because it could not determine that the plaintiff estate's claims had arguable merit in fact or law. *See* [Dkts. 50, 53]. Her second motion for the appointment of *pro bono* counsel does not present new information that supports a conclusion now that the plaintiff estate's claims have arguable merit in fact or law. Instead, Ms. Kidd's renewed motion requests the appointment of *pro bono* counsel for two reasons: (i) her previous motion for *pro bono* counsel was not accompanied by an application to proceed *in forma pauperis* (like this motion); and (ii) she needs *pro bono* counsel because she cannot afford an attorney.

Neither of those reasons, on their own, warrant the appointment of *pro bono* counsel in this case. The Court must be mindful not to appoint *pro bono* counsel "indiscriminately," *Tabron*, 6 F.3d at 155-56, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Id.* (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Because the Court still cannot conclude that the plaintiff estate's claims have arguable merit in fact or law, the Court will deny Ms. Kidd's second motion for *pro bono* counsel.

### C. Motions for an Extension of Time to Obtain Counsel

Federal Rule of Civil Procedure 6 permits the Court to grant a litigant an extension for "good cause." Fed. R. Civ. P. 6(b)(1). If the Court grants an extension for good cause, it can do so: (i) on its own before the filing deadline expires; or (ii) on the party's motion after the filing deadline because of "excusable neglect." *Id.*[5] On this record, the Court does not find good cause to extend further the deadline for Ms. Kidd to secure counsel to represent the plaintiff estate. The Court will therefore deny her motions for an extension.

As described above, Ms. Kidd initially requested a 90-day extension of time to obtain counsel for the plaintiff estate and T.G. In support of her motion, she certified that she has called numerous attorneys and interviewed some. She asks for additional time so that she may secure representation. The extended deadline that she requested in the first motion for an extension was August 31, 2026. Because this Memorandum Order is being issued after that date, Ms. Kidd has already received, as a practical matter, the extension that she requested. She has now had nearly six months since the Court's March 2026 orders to secure counsel.

Despite receiving a de facto extension, Ms. Kidd filed a supplemental motion for another extension of time to obtain counsel and requests another 90-day

---

[5] In determining whether there is "excusable neglect," the Court considers and weighs four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether plaintiff acted in good faith in not complying with the filing deadline. *Perrigo Inst. Inv. Grp. v. Papa*, 150 F.4th 206, 217; *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court takes "all relevant circumstances" into account. *Pioneer*, 507 U.S. at 395.

extension to obtain counsel. [Dkt. 66.] She argues that there is good cause for the extension because she cannot represent T.G. or the plaintiff estate *pro se*. She also asserts that it is challenging for her to secure counsel because her IFP application and motion for *pro bono* counsel are pending. The Court disagrees that this is good cause. Neither is an acceptable basis to further extend the deadline and further prolong the delay in resolving this case. *See In re Am. Classic Voyages*, 405 F.3d 127, 134 (3d Cir. 2005) (concluding that the party that failed to meet a filing deadline did not show good cause or excusable neglect for its late filing because the delay was entirely avoidable and within that party's control). The Court already explained to Ms. Kidd in its two March 2026 orders that this action could not proceed without counsel and would be subject to dismissal if counsel was not secured by the Court's deadline. On this record, another extension is not warranted.

Finding no good cause, the Court will deny plaintiff's motions for an extension of time to obtain counsel.

## III. CONCLUSION

For the reasons stated,

**IT IS** on this **2nd** day of **September, 2026**,

**ORDERED** that plaintiff's motion for reconsideration of this Court's March 13, 2026 order and March 18, 2026 text order [Dkt. 57] is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to appoint *pro bono* counsel [Dkt. 50] is **DENIED**; and it is further

**ORDERED** that plaintiff's motions for an extension of time to obtain counsel [Dkts. 65, 66] are **DENIED**; and it is further

**ORDERED** that the Clerk is directed to reopen and reset the motions to dismiss filed at [Dkts. 42 and 44], making the return date September 21, 2026; the Court will decide them in due course.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE